## MILLER *vs.* MILLER.

1. A divorce can never be granted upon general charges in the bill, of adultery with " divers persons whose names are unknown." A bill for divorce should not be filed upon general suspicion, until the discovery of some specific act, or of the facts from which such act must be inferred.

2. If the name of the person with whom the adultery is alleged to have been committed is unknown, the time, place, and circumstances must be stated, so as to identify the offence, or the person of the adulterer must be described, and the fact that the name of such person was unknown at the time of filing the bill must be proved. If the name is known it must be stated in the bill.

3. Proof of adultery with A, will not sustain a charge of adultery with B ; nor will proof of adultery with a person whose name was known to the complainant, sustain a charge of adultery with a person whose name is alleged to be unknown.

4. The precise time of the adultery, stated in the bill, is not necessary to be proved, provided the variance is not so great as to mislead the defendant.

5. The court is reluctant to grant a divorce on testimony of a single witness, uncorroborated, especially when the evidence is a betrayal of a secret confided to the witness, so long kept undivulged as to render the witness almost a *particeps criminis.*

6. Evidence sufficient to establish the fact that the defendant and her house are of ill repute, is not sufficient to entitle the complainant to a decree of divorce for adultery.

This case was submitted on bill and proofs, and the brief of *Mr. Jeffrey,* of counsel with the complainant.

THE CHANCELLOR.

This bill is for. a divorce, on the ground of adultery. The adultery charged is with Edward Fehr, Lewis F. Bigelow, and John Vandoren; and also with divers persons in the states of New York and Pennsylvania, whose names are unknown.

The allegation of adultery with divers persons unknown, is too general; no divorce can be granted upon it. If the name is unknown, the time, place, and circumstances must

be stated, so as to identify the offence, and the person with whom it was committed, and if his name was really unknown at the time of filing the bill, that fact must be proved. *Marsh* v. *Marsh*, 1 *C. E. Green* 391; *Mills* v. *Mills*, 2 *C. E. Green* 444.

A suit for divorce cannot be sustained unless founded on some specific offence, known to the complainant, and specifically charged in the bill. If the name of the adulterer is known, it must be stated; if it is unknown, that fact must be stated in excuse of the omission, and proved at the hearing. His person may be described, or the time, place, and the circumstances which show that the offence was committed, may be stated. And the complainant must prove the offence, or one offence specified in the bill. The precise time is not necessary, provided the variance is not so great as to mislead the defendant. Proof of adultery with A, will not sustain a charge of adultery with B; nor will proof of adultery with a person whose name was known to the complainant, sustain a charge of adultery with a person whose name was unknown. And a divorce can never be granted upon a general charge of adultery with divers persons whose names are unknown, within a specified period of time. Such charge is bad pleading, and no bill or petition should contain it. A bill for divorce should not be filed upon general suspicion, nor until the discovery of some specific act, or of the facts from which such act must be inferred, and these should be sufficiently stated to identify the act upon which the suit is founded.

There is no proof of adultery with either of the persons named in the bill. Edward Fehr was sworn as a witness, but does not criminate himself. He occupied the basement of the building in which the parties resided, as a beer saloon, and the complainant had his shop in the first story. He testifies that Bigelow and Vandoren were "about there," meaning this building. This certainly is no proof of adultery, hardly of an opportunity to commit it.

There is proof, by a former servant, that some five years

ago the defendant committed adultery with Byron French, and that she admitted it to the witness, whom she made her confidant in the matter. The story seems strange in itself, and it is not confirmed by any facts or circumstances which could surely be proved if the tale is true. The court is reluctant to grant a divorce on the evidence of a single witness, altogether uncorroborated, especially when the evidence is the late betrayal of a secret, so long kept as to render the the witness almost *particeps criminis.*

The evidence is sufficient to establish the fact that the defendant and her house, at Easton, are of ill repute, but that is not sufficient to sustain a decree of divorce.

The bill must be dismissed, without prejudice to filing a new bill for adultery with persons other than those whose names are specified in this.